[Civ. No. 2044.  First Appellate District.—April 5, 1917.]

MILTON F. GABBS, Respondent, v. R. H. COUNTRYMAN
et al., Appellants.

MORTGAGE—FORECLOSURE—CONSIDERATION—CANCELLATION OF PREVIOUS
NOTE—SURRENDER OF PLEDGED STOCK.—In an action for the fore-
closure of a mortgage given to secure the payment of a promissory
note, a finding against the defendant on the issue of want of con-
sideration for the execution of the note and mortgage is supported
by evidence of the return to the defendant by the plaintiff of a
previous note upon its maturity without payment, together with cer-
tain corporate stock pledged as security for its payment.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial.  A. E. Graupner, Judge.

The facts are stated in the opinion of the court.

Walter M. Willett, and R. H. Countryman, for Appellants.

Chickering & Gregory, for Respondent.

THE COURT.—This is a suit to foreclose a mortgage given
to secure a promissory note executed by the defendants.
Foreclosure was ordered against the mortgaged property, and
defendants appeal from the judgment and from an order
denying their motion for a new trial.

There is no merit in the first point that the case was im-
properly or irregularly transferred from the department of
the superior court to which it was originally assigned to the
department of the court in which it was heard and deter-
mined.

Equally without force—savoring even of frivolity—are the
objections to the rulings of the court on the admission and
rejection of evidence.

The defendants in their answer and cross-complaint pleaded
that there was no consideration for the execution of the note
and mortgage; and they now contend that the finding of the
trial court against them on that issue is not sustained by the
evidence.  This position is not well taken.  The record shows
that the plaintiff gave to the defendant, R. H. Countryman,

33 Cal. App.—25

the sum of thirteen thousand dollars in consideration for a certain interest in the rentals of two buildings—the Delbert Block and Countryman Building—to be erected on the west side of Van Ness Avenue in San Francisco shortly after the fire in April, 1906. Thereafter plaintiff became dissatisfied with the investment, and sold his interest in said rentals or buildings to said defendant, taking in exchange therefor the latter's promissory note for $14,072.50, secured by a pledge of forty-two shares of the capital stock of the R. L. Radke Company. The note matured March 26, 1909; nothing was paid upon it, and thereupon the note and the stock pledged as security for its payment were returned to Countryman, and the note and mortgage in suit were executed and delivered to the plaintiff. The consideration, therefore, for this note and mortgage, it is obvious, was the cancellation of the previous note and the return of the pledge, and the consideration for the first note was the relinquishment by plaintiff of any interest in the buildings, and the consideration for his interest in the buildings was the payment by him of the sum of thirteen thousand dollars in cash to Countryman for such interest.

The judgment and order are affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 4, 1917.